1

2

3

4

5 **NOT FOR PUBLICATION**

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9 UNITED STATES OF AMERICA,                No. CR 12-00054-1 JSW
                                          No. CR 12-00054-3 JSW
10         Plaintiff,                      No. CR 12-00054-4 JSW

11    v.                                   **ORDER RESOLVING:**

12 PATRICK ADEBOWALE SOGBEIN              **(1) REQUEST FOR NOTICE OF**
   EDNA CALAUSTRO, AND                    **THE GOVERNMENT'S INTENT**
13 EDUARDO ABAD,                          **AND DISCLOSURE OF**
                                          **EVIDENCE ACCORDING TO**
14         Defendants.                     **RULE 404(b) AND JOINDERS**
                                          **THEREIN (Docket Nos. 104, 108,**
15                                         **115);**

16                                         **(2) REQUEST FOR NOTICE OF**
                                          **THE GOVERNMENT'S INTENT**
17                                         **TO USE TRIAL EVIDENCE**
                                          **(Docket Nos. 103, 108, 115);**
18
                                          **(3) MOTIONS FOR *BRADY,***
19                                         ***GIGLIO, KYLES & JENCKS***
                                          ***DISCLOSURES* (Docket Nos. 101,**
20                                         **108, 115)**

21

22 _____/

23         This matter comes before the Court upon the motions identified in the caption of this

24 Order. These motions are ripe for decision, and the Court has considered the parties' papers,

25 relevant legal authority, and the record in this case. The Court finds the motions suitable for

26 disposition without oral argument, VACATES the hearing on these motions, and the Court sets

27 forth its rulings in the remainder of this Order.

28

1. **Motion for Disclosure of Rule 404(b) Evidence.**

Defendant Patrick Adebowale Sogbein ("Sogbein") moves for immediate disclosure of all evidence the Government intends to introduce at trial as "other bad acts" or "other crimes" evidence pursuant to Rule 404(b). He also moves for immediate disclosure of any evidence that might qualify as Rule 404(b) evidence that the Government will assert is "inextricably intertwined" with the charged offenses. Defendants Edna Calaustro ("Calaustro") and Eduardo Abad ("Abad") join in Sogbein's request.

The Government opposes immediate disclosure of Rule 404(b) evidence, but it has offered to give notice of this evidence 45 days in advance of the pretrial conference. It also opposes any disclosure of evidence that it may characterize as "inextricably intertwined" with the charged offenses. As to the latter request, the Court agrees with the Government, and it DENIES the request for disclosure of "inextricably intertwined" evidence.

In his reply brief, Sogbein agrees with the Government's proposal that the Court set a date certain by which the Government must disclose Rule 404(b) evidence, but he suggests that the Government provide 60 days notice in advance of the pretrial conference. Pursuant to the Court's Guidelines for Motions, Final Pretrial Conference and Trial in Criminal Cases, the Court requires that the parties file their motions in limine and oppositions thereto, fourteen days in advance of the pretrial conference. (Guidelines ¶ 6(g).) "Therefore, the parties must serve their motions *in limine* on the opposing party reasonably in advance of the pretrial to permit the opposing party to prepare and serve its opposition." (*Id.*) "The Court suggests, but does not require, that at least thirty (30) calendar days before the Final Pretrial Conference, the moving party serve, but not file, the opening brief and at least twenty (20) calendar days before the Final Pretrial Conference, the responding party serve the opposition." (*Id.* at n.1.)

In order to permit the parties to effectively prepare, and respond to, such motions, the Court concludes that advance disclosure of Rule 404(b) evidence is warranted. Although it appears there is a significant amount of discovery involved in this case, Sogbein does not suggest that the case is so complex that disclosure 60 days in advance of the pretrial is necessary.

Accordingly, the Court ORDERS that the Government shall provide notice to all defendants 45 days in advance of the final pretrial conference of any Rule 404(b) evidence that it intends to introduce at trial. As this case progresses, if circumstances change, and either party believes a modification to this deadline is appropriate, that party may file an appropriate motion with the Court.

**2.      Motion for Disclosure of Trial Evidence.**

Sogbein also moves for immediate disclosure of all evidence the Government intends to introduce at trial, and he contends that the Government's statement that it "may offer any of the evidence produced and made available to the defense to date in its case-at-chief at trial, including materials seized from your client's and his co-defendants' offices during execution of ... search warrants in November 2011," is insufficient notice. (*See* Docket No. 123, Declaration of Denise Barton, Ex. A (Letter dated Sept. 19, 2012 at 2).) Sogbein contends he requires more specific information in order to effectively move to suppress evidence and other pretrial motions. Calaustro and Abad also join in Sogbein's request.

The Government opposes Sogbein's request, on the basis that the notice it has provided is sufficient. In his reply brief, Sogbein suggests that the Government be required to provide notice of disclosure of its trial evidence sixty days in advance of the pretrial conference. He also notes that certain evidence relating to prior investigations may be the basis for a motion to suppress or a *Franks* motion.

The Court does not intend to hear substantive motions to suppress at the pretrial conference, and it already has scheduled the hearing on the Defendants' second round of motions. Therefore, to the extent *any* of the defendants has grounds to believe that certain evidence produced during discovery should be suppressed, they should file those motions on January 17, 2013, as previously ordered. The Court strongly urges the parties to meet and confer in advance of that date to determine to discuss the general categories of evidence that might be subject to a motion to suppress, in an effort to reduce the need for motion practice.

In light of the amount of discovery produced thus far, and in order to ensure that the parties have a full and fair opportunity to prepare and respond to motions in limine or objections

to particular exhibits, it is HEREBY ORDERED that the Government shall produce its exhibit list to the defendants 45 days before the pretrial conference.  As this case progresses, if circumstances change, and either party believes a modification to this deadline is appropriate, that party may file an appropriate motion with the Court.

**3.      Motion for Disclosure of *Brady, Giglio, Kyles & Jencks* Materials.**

Finally, Sogbein seeks disclosure of exculpatory information, potential impeachment material, and materials pertaining to prior investigations into his businesses.[1]  In particular, Sogbein asks for disclosure: (1) about an investigation conducted by Safe Guard Services, LLC ("SGS Investigation"), into Sogbein's medicare billings in 2008 and 2009; (2) a medicare fraud investigation conducted in the Central District of California (the "Central District Investigation"), about Sogbein's conduct in 2003 and 2004; and (3) an investigation relating to a fraud prosecution of former agent Scott Gompert, who was involved in some of the prior investigations into Sogbein's activities (the "Gompert Investigation").  Calaustro and Abad join in Sogbein's request.

The Government states that it has asked for materials relating to the SGS Investigation and, when it receives those materials, it will review and produce any materials that it believes are subject to disclosure.  Accordingly, the Court DENIES the request for disclosure of those materials as moot.  If any defendant believes the Government has not fully complied with its disclosure requirements, it may renew this request by way of an appropriate motion.

With respect to materials pertaining to the Central District Investigation, Sogbein's request for disclosure is DENIED WITHOUT PREJUDICE.  If the Government intends to introduce any of that evidence at trial, however, it shall comply with the deadlines required by this Order.

With respect to the Gompert Investigation, in his reply brief, Sogbein requests "all statements Gompert gave concerning his criminal acts in addition to all the reports concerning

---

[1]      The Court does not construe Sogbein's request to suggest that the Government has violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), or its progeny.  In addition, the Court makes clear that this Order should not be construed to mean that the Court finds that the Government has violated its obligations under *Brady* or its progeny.

Gompert and his investigation of Mr. Sogbein." (Docket No. 138, Reply Br. at 4:1-3.) To the extent Sogbein seeks statements that Gompert made about *Gompert's* criminal acts, that request is DENIED as overly broad. To the extent Gompert was involved in the Central District investigation, the Government shall produce any materials prepared by or relating to Gompert's involvement, including any materials that would be covered by *Brady* or its progeny in accordance with the deadlines required by this Order. If, however, Sogbein moves to suppress evidence or files a *Franks* motion that calls into question Gompert's involvement or his credibility, the Government should be prepared to produce any evidence that is material to such a motion.

The Court agrees that Sogbein's motion for disclosure of material that the Government may be required to produce under *Giglio* or the *Jencks* Act is premature. Although the Court is inclined to require that the Government produce such information in advance of the trial date, to the extent it has not already been produced, the Court will not set a deadline for disclosure at this time.

**IT IS SO ORDERED.**

Dated: October 26, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE