**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK ADEBOWALE SOGBEIN,<br>ADEBOLA ADEFUNKE ADEBIMPE,<br>EDNA CALAUSTRO, AND<br>EDUARDO ABAD,<br><br>Defendants. | No. CR 12-00054-1 JSW<br>No. CR 12-00054-2 JSW<br>No. CR 12-00054-3 JSW<br>No. CR 12-00054-4 JSW<br><br>**ORDER ON MOTION TO DISMISS, MOTIONS FOR BILLS OF PARTICULARS, AND JOINDERS THEREIN**<br><br>**(Docket Nos. 98, 100, 108, 116)** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the motion to dismiss or, in the alternative for a bill of particulars, filed by Adebola Adefunke Adebimpe ("Adebimpe"), which is joined by Patrick Adebowale Sogbein ("Sogbein"), Edna Calaustro ("Calaustro"), and Eduardo Abad ("Abad") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and the Court finds the motions suitable for disposition without oral argument. The Court DENIES the motions to dismiss. The Court DENIES AS MOOT the motions for bills of particulars filed by Adebimpe and Sogbein. The Court DENIES the motions for bills of particulars filed by Calaustro and Abad.

The Court CONVERTS the motion hearing scheduled for November 8, 2012, to a status conference.

//

**BACKGROUND**

On January 26, 2012, the United States of America (the "United States") filed an Indictment, in which it asserts one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. Section 1349, against each of the Defendants ("Count 1"). It also alleges eleven counts of health care fraud, in violation of 18 U.S.C. Section 1347.[1] Sobgein, Adebimpe, and Calaustro are named as defendants in Counts 2 through 11. Abad is named as a defendant only in Counts 3, 4, 9, 10 and 11.

In brief, the United States alleges that:

> [b]eginning no later than on or about December 9, 2006, and continuing through at least July 26, 2011, the [D]efendants conspired to defraud Medicare by fraudulently prescribing [power wheelchairs ("PWCs")] to Medicare beneficiaries who did not need them, and in many cases, who did not even want them, in order to enrich themselves. As part of the conspiracy, the [D]efendants (1) recruited Medicare beneficiaries to receive the PWCs; (2) prepared false and fraudulent documentation to support claims to Medicare for PWCs and accessories; (3) submitted over $2.4 million in false and fraudulent claims to Medicare for PWCs and accessories that were not eligible for payment under Medicare rules and regulations; and (4) received and used the proceeds of the fraud for their own personal benefit and for the use and benefit of others.

(Indictment ¶ 12.)

According to the United States, Sogbein owned and operated Debs Medical Distributors, Inc. ("Debs"), a company that was eligible to and did provide PWCs, to Medicare beneficiaries. (Indictment ¶ 9.) The United States alleges that Adebimpe owned and operated Dignity Medical Supply LLC ("Dignity"), a company that was eligible to and did provide PWCs to Medicare beneficiaries. (*Id.*) The United States alleges that "Sogbein, on behalf of Debs, and Adebimpe, on behalf of Dignity, supplied PWCs and accessories ... to Medicare beneficiaries in the San Francisco area and billed and received payment from Medicare for" the PWCs and accessories. (*Id.* ¶ 9.)

The United States also alleges that Calaustro is a licensed physician, who was enrolled as a Medicare physician and was eligible to receive payments from Medicare. (*Id.* ¶ 10.)

---

[1] In Counts 2 through 11, the United States also alleges that the Defendants aided and abetted health care fraud. *See* 18 U.S.C. § 2.

1  "Calaustro wrote prescriptions for PWCs and accessories for Medicare beneficiaries in the San
2  Francisco area and provided those prescriptions to Sogbein and Adebimpe, knowing that
3  Sogbein and Adebimpe, acting on behalf of Debs and Dignity, billed and received payments
4  from Medicare based on those prescriptions." (*Id.*) Abad allegedly worked as a recruiter for
5  Sogbein, Adebimpe, and Calaustro to find Medicare beneficiaries for the scheme. (*Id.* ¶ 11.)

The United States alleges that Sogbein paid, and Calaustro accepted, cash in exchange for her preparation of prescriptions for PWCs for Medicare beneficiaries, and it alleges that Sogbein and Calaustro paid Abad cash to refer Medicare beneficiaries to them. (*Id.* ¶¶ 14-15.) According to the United States, Calaustro knew that Sogbein and Adebimpe needed the prescriptions to submit false and fraudulent claims to Medicare on behalf of the beneficiaries receiving PWCs. (*Id.*) "Sogbein and Adebimpe knowingly prepared, and caused to be prepared, false and fraudulent documentation in support of the claims submitted to Medicare for PWCs." (*Id.* ¶ 16.) The United States alleges that Sogbein and Adebimpe submitted over $2.4 million in false and fraudulent Medicare claims and received over $1.2 million in payments from Medicare, as a result of submitting the false and fraudulent claims. (*Id.* ¶¶ 17-18.)

In Counts 2 through 11, the United States: (1) identifies the Defendants who are charged in a particular count; (2) identifies the Medicare beneficiary who is the subject of the count by his or her initials; (3) identifies whether Debs or Dignity submitted the claim; (4) specifies the amount of the claim; (5) sets forth the date on which the claim was submitted; and (6) sets forth the amount of the Medicare payment received. (*Id.* ¶ 22.)

The Court shall address additional specific facts as needed in its analysis.

**ANALYSIS**

**A.  Motion to Dismiss the Indictment.**

**1.  Applicable Legal Standard.**

An indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains 'the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy.'" *United States v. Awad*, 551 F.3d 930, 935

(9th Cir. 2009) (quoting *United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir. 1995)). "The test for sufficiency of the indictment is 'not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'" *Id.* (quoting *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000)); *see also United States v. Musacchio,* 968 F.2d 782, 787 (9th Cir. 1991); *United States v. Morlan,* 756 F.2d 1442, 1444 (9th Cir. 1985).

"In ruling on a pre-trial motion to dismiss the indictment for failure to state an offense, the district court is bound by the four corners of the indictment . . . [and] must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002). "The indictment should be read as a whole and construed according to common sense." *Echavarria-Olarte v. Reno,* 35 F.3d 395, 397 (9th Cir. 1994); *accord Awad*, 551 F.3d at 936. The government need only allege the essential facts necessary to apprise the defendant of the crime charged. The government need not allege the theories or evidence upon which the it will rely to prove those facts. *United States v. Cochrane,* 985 F.2d 1027, 1031 (9th Cir. 1993); *accord United States v. ORS, Inc.,* 997 F.2d 628, 629 (9th Cir. 1993).

Although an indictment that tracks the language of the statute may be sufficient, "implied, necessary elements not present in the statutory language, must be included in an indictment." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995). "An indictment's failure to 'recite an essential element of the charged offense is not a minor or technical flaw ... but a fatal flaw requiring dismissal of the indictment.'" *United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001) (quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999)).

**2.     Count 1: Conspiracy to Commit Health Care Fraud.**

Section 1349 provides that "[a]ny person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Adebimpe, Sogbein, and Abad move to dismiss, in part, on the basis that Count 1 fails to sufficiently allege

4

an agreement. It is undisputed that an essential element of a conspiracy charge is "an agreement to accomplish an illegal objective." *United States v. Bonnano*, 852 F.2d 434, 440 (9th Cir. 1988).

In Count 1, the United States tracks the language of the statute, and it specifically alleges that the Defendants "did knowingly conspire and agree with one another to execute" a scheme to defraud Medicare. (Indictment ¶ 20.) When the Court examines the Indictment as a whole, the United States sufficiently *alleges* an agreement between the Defendants and sufficiently *alleges* that Defendants knowingly participated in that conspiracy. Whether the United States can prove those allegations is not ripe for adjudication.

Sogbein also argues that the Indictment fails to include sufficient facts as to "how the prescriptions, supporting documentation ... and claims to Medicare were false and fraudulent." (Docket No. 100, Sogbein Mot. at 4:1-5.) Adebimpe argues that the United States fails to allege how she would have known the claims were false. (Docket No. 98, Adebimpe Mot. at 5:25-26.) In essence, Sogbein and Adebimpe complain that the United States has not included evidentiary facts in the Indictment.

The United States alleges that the Defendants "conspired to defraud Medicare by fraudulently prescribing PWCs to Medicare beneficiaries who did not need them, and in many cases, who did not even want them." (Indictment ¶ 12.) When the Court examines the Indictment in its entirety, and construes it with "common sense and practicality", the Court finds that the Indictment is sufficient to provide the Defendants notice of the crime charged. *Awad*, 551 F.3d at 936. Further, the United States is not required to allege the theories on which it will rely, nor include evidence upon which the it will rely to prove the facts at trial. *ORS,* 997 F.2d at 629; *Cochrane*, 985 F.2d at 1031.

Accordingly, the Court DENIES the motion to dismiss Count 1.

### b. Counts 2 through 11: Health Care Fraud.

In Counts 2 through 11, the United States charges the Defendants with violations of Section 1347. Section 1347 provides that "[w]hoever knowingly and willfully executes, or attempts to execute, a scheme or artifice to defraud any health care benefit program ... shall be

5

fined under this title or imprisoned not more than 10 years, or both." 18 U.S.C. § 1347(1); *see also Awad*, 551 F.3d at 935.

The United States alleges that the Defendants "knowingly and willfully" submitted and caused to be submitted to Medicare false and fraudulent claims. (Indictment ¶ 11.) As discussed above, the United States alleges that the beneficiaries identified in Counts 2 through 11 did not need - or did not want - PWCs. It also alleges that the Defendants submitted the claims for the purpose of enriching themselves. (*Id.* ¶ 12.) The United States tracks the language of the statute, and it also includes facts that, as a matter of common sense and practicality, allege that the Defendants acted with a bad purpose. *See Awad*, 551 F.3d at 936-37; *United States v. Dearing*, 504 F.3d 897, 901 (9th Cir. 2007).

In addition, in Counts 2 through 11, the United States identifies the claims at issue, the particular beneficiaries at issue, the dates the claims were submitted, and states that the Defendants wilfully and knowing submitted these claims. Abad argues that the Indictment fails to allege that he committed a crime. However, when the Court reads the Indictment in its entirety, and with common sense and practicality, Counts 2 through 11 allege that he aided and abetted the other Defendants by finding Medicare beneficiaries that could be used in the scheme. The United States includes sufficient facts to allege that Abad "knowingly provided substantial assistance to" his co-defendants. *Dearing*, 504 F.3d at 901 (citing *United States v. Kessi,* 868 F.2d 1097, 1103 (9th Cir. 1989)).

The Court finds that the Indictment is sufficient to provide the Defendants notice of the crimes with which they are charged. Accordingly, the Court DENIES the motion to dismiss Counts 2 through 11.

**B.    Motion for a Bill of Particulars.**

**1.    Applicable Legal Standard.**

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars." "The bill of particular serves three functions: 'to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction

or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Geise*, 597 F.2d 1170, 1180-81 (9th Cir. 1979 (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976)); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense."). However, a defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *Geise*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars).

**2. Analysis.**

Adebimpe asked that the Court order the United States to provide the full names of the beneficiaries identified in Counts 2 through 11, and Sogbein joined in that request. The United States has agreed to provide that information. Accordingly, the Court DENIES AS MOOT the motions for bills of particulars filed by Sogbein and Adebimpe.

The United States alleges that Adebimpe and Sogbein submitted over $2.4 million in allegedly false and fraudulent claims, and received over $1.2 million in payment as a result of those claims. Calaustro argues that Counts 2 through 11 only account for $23,306.87 of the alleged loss, "leaving [her] to guess at what other transactions might be alleged to be fraudulent or otherwise in furtherance of the conspiracy." (Docket No. 116, Calaustro Joinder and Mot. at 5:13-14.) Calaustro asks for an Order directing the United States to provide a bill of particulars with the "dates of transactions, names of PWC recipients, and the amounts submitted for reimbursement to, or actually paid out by, Medicare...," so that she may adequately defend against the charge of conspiracy. (*Id.*, at 5:18-20.)

The United States has put forth the particular claims on which it will rely to prove up Counts 2 through 11. It also has advised Calaustro that it takes the position that all of the claims submitted by Debs and Dignity, for which Calaustro was the provided, were false and

fraudulent. (Second Supplemental Declaration of Denise Barton, ¶ 6.) Finally, the United States has provided Calaustro with discovery relating to the claims at issue. To the extent Calaustro asserts that the United States should provide a bill of particulars so that she knows which claims will be introduced to support a conspiracy charge, the Court denies that request. A defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *Geise*, 597 F.2d at 1181.

The Court concludes that the Defendants have not met their burden to show bills of particulars are required, and the Court DENIES their motions.

**IT IS SO ORDERED.**

Dated: October 29, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE